**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CINDY BURNETT,

     Plaintiff,                               CASE NO.:

-VS-

WELLS FARGO BANK, N.A.,

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff CINDY BURNETT sues Defendant WELLS FARGO BANK, N.A. and alleges as follows:

**Introduction**

     1.     This is an action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

     2.     The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive "robocalls."

     3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30,821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers

1

to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints [the FCC] receive[d]. Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing.

5.      As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017).

### Jurisdiction, Venue and Parties

6.      This Court has original jurisdiction over Plaintiff's claims arising under the TCPA pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as the state law claim arises out of a common nucleus of operative fact, and forms part of the same case or controversy.

8.      Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Florida, this suit arises out of Defendant's specific conduct with Plaintiff in Florida, and Plaintiff was injured in Florida.

9.      Venue is appropriate in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Orange County, Florida.

10.     Plaintiff is a natural person, and resident of the State of Florida, residing in Orange County, Florida.

11.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

12.     Plaintiff is an "alleged debtor."

13.     Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

14.     Defendant WELLS FARGO BANK, N.A. is a national association, with its principal place of business located at 420 Montgomery Street, San Francisco, California, 94163. Defendant conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida, 32301.

15.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

16.     Defendant is a "creditor" as defined in Florida Statute § 559.55(5).

## FACTUAL ALLEGATIONS

17.     WELLS FARGO BANK, N.A. called Plaintiff on Plaintiff's cellular telephone approximately fifty (50) times in an attempt to collect a debt.

18.     WELLS FARGO BANK, N.A. attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

19.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

20.     Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line from WELLS FARGO BANK, N.A..

21.     Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

22.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (407) ***-3385, and was the called party and recipient of Defendant's calls.

23.     WELLS FARGO BANK, N.A. placed an exorbitant number of automated calls to Plaintiff's cellular telephone (407) ***-3385 in an attempt to collect a debt.

24.     Upon receipt of the calls from the Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to phone number (877) 647-8552.

25.     On several occasions over the last year Plaintiff instructed WELLS FARGO BANK, N.A.'s agent(s) to stop calling her cellular telephone.

26.     On or about May of 2018, Plaintiff spoke with an agent/representative of Defendant and instructed the agent that she would "appreciate it if you all would stop calling me."

27.     WELLS FARGO BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28.     WELLS FARGO BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or WELLS FARGO BANK, N.A., to remove the number.

29.     WELLS FARGO BANK, N.A.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to WELLS FARGO BANK, N.A. they wish for the calls to stop.

30.     WELLS FARGO BANK, N.A. has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31.     WELLS FARGO BANK, N.A. has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

32.     WELLS FARGO BANK, N.A. has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

33.     WELLS FARGO BANK, N.A.'s corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

34.     WELLS FARGO BANK, N.A. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35.     Not a single call placed by WELLS FARGO BANK, N.A. to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36.     WELLS FARGO BANK, N.A. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

37.     From each and every call placed without consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

38.     From each and every call without express consent placed by WELLS FARGO BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from WELLS FARGO BANK, N.A.'s calls.

39.     From each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the

usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40.     Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41.     Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

42.     Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

43.     Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

44.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, and aggravation.

## COUNT I
### (Violation of the TCPA)

45.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty-three (43) as if fully set forth herein.

46.     WELLS FARGO BANK, N.A. willfully or knowingly violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified WELLS FARGO BANK, N.A. that she wished for the calls to stop.

47.     WELLS FARGO BANK, N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WELLS FARGO BANK, N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty-three (43) as if fully set forth herein

49.     At all times relevant to this action WELLS FARGO BANK, N.A. is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50.    WELLS FARGO BANK, N.A. has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

51.    WELLS FARGO BANK, N.A. has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

52.    WELLS FARGO BANK, N.A.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WELLS FARGO BANK, N.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,


*/s/ Jason Derry*
Jason Derry,  Esq.
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Florida Bar # 36970
Jderry@forthepeople.com
Jkneeland@forthepeople.com
*Attorney for Plaintiff*